USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/07

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,            :      MEMORANDUM DECISION

        - against -                  :      07 Civ. 5533 (DC)
                                            94 Cr. 709 (DC)
RAFAEL PEREZ-LUNA,                   :

                Defendant.           :
- - - - - - - - - - - - - - - - - -x

APPEARANCES:    MICHAEL J. GARCIA, ESQ.
                United States Attorney for the
                  Southern District of New York
                    By:  Marc P. Berger, Esq.
                         Assistant United States Attorney
                One Saint Andrew's Plaza
                New York, New York  10003

                RAFAEL PEREZ-LUNA
                Defendant Pro Se
                FCI Allenwood Low
                Federal Correctional Institution
                P.O. Box 1000
                White Deer, Pennsylvania  17887
```

**CHIN, D.J.**

Pro se defendant Rafael Perez-Luna moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that he was deprived of effective assistance of counsel. The motion is denied without prejudice as premature, as Perez-Luna's direct appeal to the Second Circuit from his conviction is still pending.

## BACKGROUND

### A. Prior Proceedings

In October 1994, Perez-Luna was indicted on one count of conspiracy to distribute and possess with intent to distribute heroin and one count of possession with intent to distribute

heroin.  After being released on bail, Perez-Luna fled to the Dominican Republic, where he was arrested in April 2003 pursuant to an extradition request from the United States.

In March 2004, after a three-day jury trial before this Court, Perez-Luna was found guilty on both counts.  Based on the evidence presented at trial, the jury found that Perez-Luna had been inside an apartment where heroin had been found in two discrete quantities: a lesser quantity in plain view and a greater quantity not in plain view.  At trial the total amount of heroin was approximated as 265.8 grams.[1]  (Trial Tr. 235).

On January 27, 2005, I sentenced Perez-Luna principally to a term of imprisonment of 78 months on each count to run concurrently.

In February 2005, Perez-Luna filed an appeal to the United States Court of Appeals for the Second Circuit.  On December 20, 2005, the Second Circuit issued a summary order affirming in part and remanding to this Court for clarification of the basis for the sentence.  In the order, which was not filed with this Court until April 7, 2006, the Second Circuit wrote:

> Because we cannot be sure of the basis for Perez-Luna's sentence, we remand, retaining jurisdiction.  The mandate will issue if the district court determines that the quantity of drugs found in the apartment in plain view was sufficient for a sentence of 78 months on the possession charge.  Otherwise, we will rule on the propriety of attributing to

---

[1] According to a later calculation by the Government, the total amount of heroin was 277 grams -- 75 grams in plain view and 202 grams not in plain view. (Gov't Letter to Court, dated May 17, 2006).

>             Perez-Luna custody and control of all 265.8
>             grams found in the apartment in applying the
>             Sentencing Guidelines to the possession
>             conviction.  If further necessary, we will
>             rule on Perez-Luna's challenge to the
>             sufficiency of the evidence in support of his
>             conspiracy conviction and, if appropriate,
>             the other conspiracy related issues Perez-
>             Luna raises in this appeal.

United States v. Perez-Luna, No. 05 Cr. 669, 2005 WL 3477861, at *3 (2d Cir. Dec. 20, 2005) (citations omitted).

On May 26, 2006, I issued a memorandum decision clarifying the basis of the sentence.  United States v. Perez-Luna, No. 94 Cr. 709, 2006 WL 1470791 (S.D.N.Y. May 30, 2006).  I wrote: "I sentenced Perez-Luna based on the full 265.8 grams of heroin, not just on the heroin in plain view.  I found that Perez-Luna was responsible for all the heroin in the apartment."  Id., 2006 WL 1470791, at *2.

Perez-Luna filed a petition for writ of certiorari on December 5, 2006, which was denied on January 8, 2007.  Perez-Luna v. United States, 127 S. Ct. 1026 (2007).

The Second Circuit has not yet ruled "on the propriety of attributing to Perez-Luna custody and control of all 265.8 grams found in the apartment."

**B.   This Motion**

This motion pursuant to 28 U.S.C. § 2255 was filed by Perez-Luna pro se on May 3, 2007.

### DISCUSSION

Although district courts have jurisdiction to decide a § 2255 motion even while a direct appeal is pending, "the better

practice is to dismiss it without prejudice pending resolution of the appeal."  3 Charles Alan Wright et al., Federal Practice and Procedure § 597 (3d ed. 2007); see, e.g., United States v. Outen, 286 F.3d 622, 632 (2d Cir. 2002) ("[T]here is no jurisdictional bar to a district court's adjudication of a § 2255 motion during pendency of a direct appeal. . . . Any concern over such practice is one of judicial economy and the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity.") (internal citations omitted); United States v. Goldberg, No. 06 Cr. 135, 2007 WL 25049, at *2 (S.D.N.Y. Jan. 4, 2007) ("It is well-settled that absent exceptional circumstances, a prisoner is not allowed to bring a § 2255 petition while his direct appeal is pending, since disposition of the appeal may render the § 2255 petition unnecessary.").

       Here, no exceptional circumstances exist and the Second Circuit's disposition of Perez-Luna's appeal could render his § 2255 motion unnecessary.  Moreover, the Second Circuit has already initiated its review of Perez-Luna's appeal, as it remanded only to request clarification as to the basis for the sentence I imposed.  Accordingly, Perez-Luna's § 2255 motion is dismissed without prejudice to be renewed, at Perez-Luna's option, following resolution of the direct appeal by the Second Circuit.

## **CONCLUSION**

       For the reasons set forth above, Perez-Luna has failed to demonstrate any basis for relief under 28 U.S.C. § 2255 at

this time. His motion is therefore denied, without prejudice. Because Perez-Luna has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2255 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision and order would not be taken in good faith.

SO ORDERED.

Dated: New York, New York
July 16, 2007

DENNY CHIN
United States District Judge